## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL ANGEL CRUZ-DANZOT,    :
                                   :

        Petitioner,             :
                                   :

        v.                   :    No.: 4:17-CV-1393
                                   :

J. BALTAZAR, WARDEN,        :    (Judge Brann)
                                   :

        Respondent.        :

## MEMORANDUM OPINION

### OCTOBER 12, 2017

## I.    BACKGROUND

Miguel Angel Cruz-Danzot, an inmate presently confined at the Canaan

United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this *pro se*

habeas corpus petition pursuant to 28 U.S.C. § 2241.   Named as Respondent is

USP-Canaan Warden J. Baltazar.   Accompanying the petition is an *in forma*

*pauperis* application which will be granted for the filing of this action with this

Court.

Petitioner states that he entered a guilty plea in the United States District

Court for the District of Puerto Rico on a charge of conspiracy to possess with

intent to distribute at least 28 grams of cocaine base within 1,000 feet of a

protected location  Following his plea, Petitioner was sentenced on July 20, 2012

to a seventy-eight (78) month term of imprisonment. *See* Doc. 1, ¶ 4.

An exhibit attached to the petition indicates that Cruz-Danzot filed an appeal which was dismissed as untimely on January 20, 2016. *See* Doc. 3-2, p. 2. Petitioner also admits that he previously filed a motion with the sentencing court pursuant to 28 U.S.C. § 2255 which was dismissed as untimely on April 19, 2017. *See* Doc. 1, ¶ 10.

Cruz-Danzot's pending action claims that he is entitled to federal habeas corpus relief under *Burrage v. United States*, 134 S.Ct. 881 (2014)*, McFadden v. United States*, 135 S.Ct. 2298 (2015), and *Rosemond v. United States*, 134 S.Ct. 1240 (2014).   Petitioner argues that under the principles announced in  those post-sentence decisions, his guilty plea was involuntary and unintelligent.

In *Burrage*, the Supreme Court in addressing a sentencing enhancement issue held that death only results from drug trafficking when the use of the controlled substance is the but for cause of the victim's death.  It added that a penalty enhancement can only be applied if a jury finds beyond a reasonable doubt that the victim's use of a drug distributed by the defendant was a "but for" cause of death.  *McFadden* recognized that the government must prove that a defendant charged with a controlled substance offense knew that the substance was a controlled substance.  *Rosemond* established that an accomplice must have advanced knowledge of the crime the principal is planning to commit.

## II.    DISCUSSION

### A.    Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4

("Preliminary Review") of the Rules Governing Section 2254 Cases in the United

States District Courts, 28 U.S.C. foll. § 2254 (2004).  *See, e.g., Mutope v.*

*Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa.

March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241

petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59

(M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner."  A

petition may be dismissed without review of an answer "when the petition is

frivolous, or obviously lacking in merit, or where. . . the necessary facts can be

determined from the petition itself. . . ."  *Gorko v. Holt,* Civ. No. 4:05-cv-956,

2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v.*

*Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

### B.    *Dorsainvil*

Since he initiated his action before this Court, Petitioner is apparently

arguing that he may bring his present claims of an unconstitutional guilty plea and

sentence via a § 2241 petition.  It would appear that it is Cruz-Danzot's contention

that this Court has jurisdiction over his § 2241 action by virtue of his ongoing

detention at USP-Canaan.

When challenging the validity of a federal sentence and not its execution, a

federal prisoner is generally limited to seeking relief by way of a motion pursuant

to 28 U.S.C. § 2255.[1]  *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell

v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in

the sentencing court is the presumptive means for a federal prisoner to challenge

the validity of a conviction or sentence").  A challenge can only be brought under §

2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or

ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This

language in § 2255, known as the safety-valve clause, must be strictly construed.

*Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is

extremely narrow and has been held to apply in unusual situations, such as those in

which a prisoner has had no prior opportunity to challenge his conviction for a

crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is

determinative."  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

---

[1] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant
to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

It is initially noted that "the Supreme Court has not made *Burrage* retroactive." *Alvarez v. Hastings*, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); *Gibson v. Thomas*, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court did not make *Burrage* retroactive to cases on collateral review as such it does not fall within the narrow *Dorsainvil* exception); *Harrington v. Holland*, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (*Burrage* is not a decision which is retroactively applicable to cases on collateral review).

Courts have also recognized that "the rule articulated in *Rosemond* does not apply retroactively to cases on collateral review. *Branham v. Oddo*, Civ. No. 1:16-cv-553, 2016 WL 2961387 *3 (M.D. Pa. May 23, 2016)(Jones, J.); *Williams v. Spaulding*, Civ. No. 3:15-cv-1992, 2015 WL 8332424 *3 (M.D. Pa. Dec. 9, 2015)(Munley, J.). Finally, based upon a review of *McFadden* there is nothing to indicate that it changed the substantive law pertaining to Petitioner's cocaine base related conviction such that his conduct is now deemed not to be criminal.

Petitioner is clearly challenging the validity of his guilty plea and sentence entered in the District of Puerto Rico. He must do so by following the requirements of § 2255. As previously noted, Cruz-Danzot states that he filed a direct appeal and a § 2255 action. A copy of his § 2255 petition submitted by Cruz-Danzot shows that his pending argument was raised in his unsuccessful § 2255 action. *See* Doc. 3-2, p. 2.

Cruz-Danzot's instant claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he was unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Petitioner's pending claim does not fall within the narrow *Dorsainvil* exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his

conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As considered in *Cradle*, the fact that Petitioner's § 2255 action, which asserted the same claims presently pending before this Court, was dismissed as being time barred does not warrant a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's guilty plea.

Based upon Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a *Burrage* or *Rosemond* based claim may be pursued via a § 2241 proceeding, it is apparent that habeas corpus review is not appropriate here. Accordingly, Cruz-Danzot's § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from again seeking authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge